OPINION
{¶ 1} Plaintiffs-appellants Rex and Karen Huffman appeal from the August 14, 2007 Judgment Entry Nunc Pro Tunc of the Tuscarawas County Court of Common Pleas. Defendant-appellee Pioneer Basement Waterproofing Co., Inc. has filed a cross-appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1998, appellants Rex and Karen Huffman purchased a home located at 1184 Dawn Drive NE in New Philadelphia, Ohio. In 2000, appellees Harry and Leslie Humphries built a home on top of a hill located above the Huffman property. In early 2004, appellants had appellee Pioneer Basement Waterproofing Co., Inc. install a sump pump system and waterproofing system around their basement.
 {¶ 3} On July 25, 2005, appellants filed a complaint for money damages and other relief against appellees Harry and Leslie Huffman and against appellee Pioneer Basement Waterproofing. Appellants, in their complaint, alleged that on July 14, 2004, the system installed by appellee Pioneer Basement Waterproofing failed to perform when "water pressure against the basement wall caused a 40 foot section of the basement wall to collapse." With respect to appellees Harry and Leslie Humphries, the complaint alleged that the Humphries, in the building of their home, had unreasonably changed, altered and redirected the natural flow of surface waters, causing water to be directed onto appellants' land and buildings and that, on June 14, 2004, a heavy rain caused appellants' to suffer damages "from excess water directed to [their] land." Appellants specifically alleged that appellees Humphries had unreasonably changed, altered and redirected the natural flow of water into at least two large drainage tiles on *Page 3 
their property, "one of said drainage tiles being unreasonably directed and concentrated down the slope onto Plaintiffs' lands. . ."
 {¶ 4} Appellees Harry and Leslie Humphries filed an answer to appellants' complaint on August 18, 2005. As memorialized in a "Stipulation for Leave to Plead" filed on August 24, 2005, appellee Pioneer Basement Waterproofing was granted until September 15, 2005 in which to respond to the complaint.
 {¶ 5} Pursuant to an Order filed on August 26, 2005, the trial court ordered that all discovery be completed by April 25, 2006, and that "[a]ny necessary motions to extend this deadline must be received prior to the discovery deadline." The trial court further ordered that the parties comply with Local Rule 10 concerning expert witnesses and that all dispositive motions be filed on or before May 25, 2006. A jury trial was scheduled for October 5, 2006.
 {¶ 6} On September 12, 2005, appellee Pioneer Basement Waterproofing filed an answer as well as a cross-claim against appellees Harry and Leslie Humphries, seeking contribution and/or indemnification from them for their proportionate share of any damages.
 {¶ 7} Thereafter, on May 25, 2006, appellees Harry and Leslie Humphries filed a Motion for Summary Judgment, arguing that appellants had failed to present any evidence that the Humphries' installation of a drain tile on their property caused appellants' damages. In response, on May 30, 2006, appellants filed a Motion to Continue All Summary Judgment Motions, "including that of the Defendants Harry and Leslie Humphries, for the reason that depositions are continuing with additional depositions being taken on August 1, 2006, and expert depositions are to take place on *Page 4 
August 3, 2006." Appellees Harry and Leslie Humphries filed a response in opposition to such motion on June 12, 2006, arguing, in part, that the discovery cut-off was past.
 {¶ 8} Pursuant to a Judgment Entry filed on September 8, 2006, the trial court denied appellants' Motion to Continue All Summary Judgment Motions, stating, in relevant part, as follows:
 {¶ 9} "Civ. R. 56(F) allows the court to order a continuance and delay on a motion for summary judgment to permit affidavits to be obtained or discovery to be had.
 {¶ 10} "In order to obtain a continuance under Civ. R. 56(F), the party opposing summary judgment must submit affidavits containing sufficient reasons why the party cannot yet present affidavits in opposition. . .
 {¶ 11} "`Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion.'McCord, Knox County App. No. 04CA000033, ¶ 15, 2005-Ohio-4399, quotingGates Mills Invest. Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 169,392 N.E.2d 1316.
 {¶ 12} "The Court FINDS that the Plaintiffs have not submitted any affidavits that comply with Civ. R. 56(F) with their Motion to Continue all Summary Judgment Motions."
 {¶ 13} The trial court, in its September 8, 2006, Judgment Entry, also granted appellants until September 22, 2006, to respond to the Motion for Summary Judgment *Page 5 
filed by appellees Harry and Leslie Humphries. Appellants filed their response on September 22, 2006.
 {¶ 14} As memorialized in a Judgment Entry filed on March 6, 2007, the trial court granted the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries. The trial court, in its entry, found that although appellants had presented evidence of an alleged increase of water being directed onto appellants' land from the Humphries' land, appellants had failed to present any evidence that such increase was the proximate cause of the damage to their basement. The trial court, in its entry, also noted that appellees Harry and Leslie Humphries had only moved for summary judgment as to appellants' claims against them and not as to the cross-claim filed by appellee Pioneer Basement Waterproofing for contribution and/or indemnification.
 {¶ 15} On March 16, 2007, appellees Harry and Leslie Humphries filed a Motion for Reconsideration of the trial court's decision to allow the cross-claim filed by appellee Pioneer Basement Waterproofing against them for contribution and/or indemnification to remain pending. Appellees, in their motion, argued that the court's finding that they were not liable to appellants on the underlying cause of action rendered the cross-claim for contribution and/or indemnification moot. The trial court denied such motion via a Judgment Entry filed on April 24, 2007, finding that such appellees had never requested summary judgment against appellee Pioneer Basement Waterproofing.
 {¶ 16} With leave of court, appellees Harry and Leslie Humphries filed a Motion for Summary Judgment against appellee Pioneer Basement Waterproofing on May 2, 2007. On May 16, 2007, appellants filed a Motion to Continue All Summary Judgment Motions on the basis that the parties were waiting for the report from the expert witness. *Page 6 
 {¶ 17} On May 18, 2007, appellee Pioneer Basement Waterproofing filed a brief in opposition to the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries. Attached to the same was an affidavit from Stanley Koehlinger, a professional licensed engineer. Koehlinger, in his affidavit, opined, in relevant part, as follows:
 {¶ 18} "c. The culvert pipe installed on the Humphries property during the course or construction by Co-Defendant, DR Construction, directed a large amount of surface water toward the Plaintiff's home during the heavy rains that preceded the wall collapse. Likewise, the culvert pipe has continued to direct a large amount of surface water even after the collapse, as reported by Tal McCoy.
 {¶ 19} "d. The combination of the heavy rains, clogged and damaged exterior drain pipe on the Plaintiffs' home, improperly slopped rear yard of the Plaintiffs' home, and the surface water directed onto the Plaintiffs' property by the culvert pipe on the Humphries' property created an unreasonable amount of water at the rear of the Huffman house resulting in a hydrostatic pressure large enough to cause the wall collapse. Had there not been so many factors working against the interior drainage system installed by Defendant, Pioneer Basement Waterproofing, Inc., the system would have worked as intended."
 {¶ 20} Thereafter, on May 23, 2007, appellants filed a Motion to Vacate the trial court's March 6, 2007, Judgment Entry granting summary judgment to appellees Harry and Leslie Humphries based on the affidavit of Stanly Koehlinger. Appellants, in their motion argued that, based upon such affidavit, "proximate cause has been sufficiently established." Appellant, on the same date, also filed a motion asking that appellees *Page 7 
Harry and Leslie Humphries be reinstated as defendants. In response, appellees Harry and Leslie Humphries, on May 30, 2007, filed a motion asking that Stanley Koehlinger be excluded as an expert and that his affidavit be stricken due to appellee Pioneer Basement Waterproofing's failure to timely disclose him as an expert witness. The Humphries, in their motion, noted that, pursuant to Local Rule 10, the parties were required to identify their experts 45 days prior to the April 25, 2006, discovery cut-off deadline and that appellee Pioneer Basement Waterproofing had not disclosed Koehlinger as their expert until September 13, 2006.[1] Appellee Pioneer Basement Waterproofing filed a brief opposing such motion on June 6, 2007, arguing that it had made a good faith effort as early as September of 2006 to schedule an inspection of the subject property and that there was no surprise or unfair prejudice.
 {¶ 21} As memorialized in a Judgment Entry filed on July 18, 2007, the trial court ordered that the affidavit of Stanley Koehlinger be stricken and that Koehlinger be excluded as an expert witness. The trial court, in so ruling, noted that appellee Pioneer Basement Waterproofing was required to provide written notice identifying its expert witnesses no later than 45 days prior to the April 25, 2006, discovery cut-off date and to identify its expert witness no later than March 13, 2006. The trial court further noted that none of the parties had requested an extension of such deadline and that no extensions had been granted. The trial court also noted that there was no stipulation in the record that the parties had agreed to extend the deadline to identify expert witnesses and that appellee Pioneer Basement Waterproofing had not identified Koehlinger as its expert until six months after the deadline. *Page 8 
 {¶ 22} In addition to granting the Motion to Exclude Expert filed by appellees Harry and Leslie Humphries, the trial court, in its July 18, 2007, Judgment Entry, held that appellants' Motion to Continue Summary Judgment Motions was moot and granted the motion filed by the Humphries for summary judgment on appellee Pioneer Basement Waterproofing's cross-claim. The trial court also denied appellants' Motion to Vacate the trial court's March 6, 2007, Judgment Entry granting summary judgment to appellees Harry and Leslie Humphries.
 {¶ 23} A Nunc Pro Tunc Judgment Entry including 54(B) language was filed on August 14, 2007.
 {¶ 24} Appellants now raise the following assignments of error on appeal:
 {¶ 25} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING AN EXPERT WITNESS NAMED ON JULY 26, 2006, BY APPELLEE PIONEER WATERPROOFING, WHICH ANNOUNCEMENT WAS 352 DAYS PRIOR TO THE TRIAL DATE OF AUGUST 30, 2007.[2] SAID WITNESS' OPINION BEING RELEVANT ALSO TO APPELLANTS' CAUSE.
 {¶ 26} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING PLAINTIFF/APPELLANTS' MOTION TO CONTINUE A PENDING SUMMARY JUDGMENT MOTION PENDING EXPERT'S REPORT.
 {¶ 27} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANTS' MOTION TO VACATE A PREVIOUS SUMMARY JUDGMENT ORDER AND TO RENAME APPELLEES HUMPHRIES IN THE APPELLANT'S CLAIM."
 {¶ 28} Appellee Pioneer Basement Waterproofing raises the following assignments of error on cross-appeal: *Page 9 
 {¶ 29} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING STANLEY KOEHLINGER AS AN EXPERT WITNESS.
 {¶ 30} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING APPELLEES, HUMPHRIES, MOTION FOR SUMMARY JUDGMENT AGAINST CROSS-APPELLANT, PIONEER BASEMENT WATERPROOFING, INC."
 {¶ 31} First Assignments of Error in both Appeal and Cross-Appeal
 {¶ 32} Appellants Rex and Karen Huffman and appellee Pioneer Basement Waterproofing, in their first assignments of error in their respective briefs, argue that the trial court erred in excluding Stanley Koehlinger, appellee Pioneer's expert, as an expert witness. We disagree.
 {¶ 33} A trial court has broad discretion in the admission or exclusion of evidence. See State v. Issa, 93 Ohio St.3d 49,2001-Ohio-1290, 752 N.E.2d 904. A trial court has discretion to set a deadline by which the parties have to disclose their expert witnesses and to enforce its order by excluding all testimony from experts not disclosed by the deadline. See Paugh Farmer, Inc. v. Menorah Home forJewish Aged (1984), 15 Ohio St.3d 44, 45-46, 472 N.E.2d 704, andHuffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 84-85,482 N.E.2d 1248. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 34} As is stated above, the trial court, pursuant to an Order filed on August 26, 2005, ordered that all discovery be completed by April 25, 2006, and that any necessary motions to extend such deadline "must be received prior to the discovery *Page 10 
deadline." The trial court further ordered that the parties "shall comply with Local Rule 10 concerning Expert Witnesses."
 {¶ 35} Local Rule 10 provides as follows:
 {¶ 36} "For each person who is anticipated to be called as an expert at trial, a party shall provide written notice to the opposing party or counsel (with a copy filed with the Court), within a reasonable time after being identified, but not later than 45 days prior to the date set for discovery cut-off (unless otherwise agreed between the parties), the following information relating to the expert:
 {¶ 37} "1. Name, address, and areas of expertise;
 {¶ 38} "2. A copy of the curriculum vitae or resume; and
 {¶ 39} "3. A general description of the areas of testimony expected to be covered by the expert at trial.
 {¶ 40} "Failure to timely provide this information may, upon motion to the Court and for good cause shown, cause the Court to exclude the testimony of the expert at trial."
 {¶ 41} Pursuant to Local Rule 10, appellee Pioneer Basement Waterproofing was required to identify its expert witness no later than March 13, 2006, which is 45 days prior to the April 25, 2006, discovery cut-off date. However, appellee Pioneer Basement Waterproofing did not identify Stanley Kohelinger as its expert until September 13, 2006, which is six months after the March 13, 2006 deadline.[3] *Page 11 
 {¶ 42} We find, with respect to Koehlinger's affidavit, which was attached to appellee Pioneer Basement Waterproofing's brief in opposition to the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries, that the trial court did not abuse its discretion in striking the same because such decision was not arbitrary, unconscionable or unreasonable. The parties never requested an extension from the trial court of the deadline to identity expert witnesses and no extension was ever granted. While appellee Pioneer Basement Waterproofing argues that the trial court abused its discretion because Koehlinger was identified as an expert witness 11 months prior to trial and because, by agreement of the parties, discovery regarding experts did not even begin until months after the discovery cut-off date, we note that there is no stipulation in the record that the parties agreed to extend the expert witness identification deadline.
 {¶ 43} Moreover, we find that the trial court's decision to strike Koehlinger's affidavit was not arbitrary, unconscionable or unreasonable for another reason. Had the trial court not stricken Koehlinger's affidavit, appellees Harry and Leslie Humphries would have been prejudiced. There is no indication in the record that such appellees agreed to an extension of the deadline to identify expert witnesses. Pursuant to Judgment Entry filed on March 6, 2007, which was after the discovery cut-off date, the trial court granted the Motion for Summary Judgment filed by the Humphries, holding that appellants had failed to present any evidence that the increase of water directed onto their land from the Humphries land was the proximate cause of the damage to appellants' basement. After appellees Harry and Leslie Humphries filed a separate Motion for Summary Judgment on the cross-claim filed against them by appellee *Page 12 
Pioneer Basement Waterproofing, appellee Pioneer filed a brief in opposition to the same, attaching an affidavit from Stanley Koehlinger. Koehlinger, in his affidavit, alleged, in part, that the water directed from the Humphries' property onto appellants' property "created an unreasonable amount of water at the rear of the Huffman house resulting in a hydrostatic pressure large enough to cause the wall to collapse." In essence, Koehlinger, in his affidavit, shifted the blame to appellee Harry and Leslie Humphries and attempted to create a question of fact as to liability. As noted by appellees Harry and Leslie Humphries in their brief, because appellee Pioneer Basement Waterproofing did not disclose its expert until after the discovery cut-off date, they "were put in the unique situation of not being able to depose the untimely disclosed expert or obtain their own expert and rebut the testimony of Stanley Koehlinger."
 {¶ 44} For the foregoing reasons we find that the trial court did not abuse its discretion in striking Koehlinger's affidavit.
 {¶ 45} A separate issue exists as to whether or not the trial court abused its discretion in excluding Koehlinger from testifying at trial. An order excluding an expert witness is not a final, appealable order.[4] Cox v. Greene Mem. Hosp., Inc. (Mar. 10, 2000), Greene App. No. 99-CA-97, unreported, 2000 WL 262635. See also Miller v. Bauer
(2000), 139 Ohio App.3d 922, 927, 746 N.E.2d 217. We find, therefore, that we cannot address such issue now.
 {¶ 46} The first assignments of error in both the appeal and cross-appeal are, therefore, overruled. *Page 13 
 Second Assignment of Error on Appeal {¶ 47} Appellants, in their second assignment of error, argue that the trial court abused its discretion in denying their May 16, 2007, Motion to Continue All Summary Judgment Motions. We disagree.
 {¶ 48} Appellants, in their May 16, 2007, Motion, asked that the trial court continue the "the pending Summary Judgment Motion, which is scheduled for non-oral consideration for Monday, May 21, 2007, for the reason that the parties are still awaiting the report from the expert witness." Appellants specifically requested that the trial court defer ruling on the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries on appellee Pioneer Basement Waterproofing's cross-claim. The trial court, in its August 14, 2007, Judgment Entry, found that such motion was moot based on its decision to strike Stanley Koehlinger's affidavit, which was attached to the brief in opposition to the Motion for Summary Judgment.
 {¶ 49} Based on our disposition of the first assignments of error in both the appeal and cross-appeal, we find that the trial court did not err in overruling appellants' Motion to Continue All Summary Judgment Motions. We further note that such motion was filed after the deadline for the disclosure of expert witnesses and the general discovery deadline had passed. The trial court's decision was not arbitrary, unconscionable or unreasonable. See Blakemore, supra.
 {¶ 50} Appellants' second assignment of error is, therefore, overruled. *Page 14 
 Third Assignment of Error on Appeal {¶ 51} Appellants, in their third assignment of error, argue that the trial court erred in overruling their Motion to Vacate the trial court's March 6, 2007, Judgment Entry granting summary judgment to appellees, Harry and Leslie Humphries, on appellants' complaint and their motion to rename appellees, Harry and Leslie Humphries, as defendants. We disagree.
 {¶ 52} As is stated above, on May 25, 2006, appellees Harry and Leslie Humphries filed a Motion for Summary Judgment, arguing that appellants had failed to present any evidence that the Humphries' installation of a drain tile on their property caused appellants' damages. After appellants filed a brief in opposition to the same, the trial court, pursuant to a Judgment Entry filed on March 6, 2007, granted the Motion for Summary Judgment, finding that "although the Plaintiffs have presented evidence of an alleged increase in water being directed unto (sic) their land from the Humphries' land, the Plaintiffs have not presented any evidence that this alleged increase in water was the proximate cause of the damage to their basement." We note that appellants have not appealed from this Judgment Entry which granted summary judgment to the Humphries.
 {¶ 53} Subsequently, on May 23, 2007, appellants filed a Motion to Vacate the trial court's March 6, 2007, Judgment Entry and a Motion to Rename appellees Harry and Leslie Humphries as defendants. Appellants, in their motion, stated, in relevant part, as follows:
 {¶ 54} "2. As indicated to the Court on many occasions, the parties could not schedule an expert witness from dates long prior to the Motion for Summary Judgment *Page 15 
and that said expert witness for Pioneer finally did his examination of the Humphries' water discharge area and Plaintiffs' wall on or about April 16, 2007. A copy of the expert's report is attached to the filing of Pioneer Basement Waterproofing, Inc., in its Brief Opposing the Humphries' Motion for Summary Judgment, same being filed May 18, 2007.
 {¶ 55} "3. Plaintiffs' Huffman move that the Court vacate that Summary Judgment Motion based upon the expert report, in part, of Stanley Koehlinger, P.E., based upon his Affidavit, page 2, paragraph 5(c) and 5(d).
 {¶ 56} "4. Based upon portions of the Koehlinger Affidavit, proximate cause has been sufficiently stated; pursuant to Civil Rule 56(C), this requires the Court to vacate its prior Judgment Entry and Continue Harry and Leslie Humphries as Defendants in this case."
 {¶ 57} The trial court, in its August 14, 2007, Nunc Pro Tunc Judgment Entry, found that its March 6, 2007, Judgment Entry was not a final, appealable order and that appellants' motion was a motion to reconsider an interlocutory order. The trial court, however, denied such motion, based upon its ruling excluding the testimony and affidavit of Stanley Koehlinger. The trial court found that there was no new evidence that created a material question of fact.
 {¶ 58} Appellants now ask this Court to find that the trial court erred not granting their Motion to Vacate based upon the affidavit of Stanly Koehlinger. We note that appellants, in their brief, do not allege that their motion was a motion to vacate a final judgment pursuant to Civ. R. 60(B) and, in fact, argue that the trial court's March 6, *Page 16 
2007, Judgment Entry granting summary judgment to appellees Harry and Leslie Humphries was not a final order and was, therefore, subject to revision.
 {¶ 59} However, in our disposition of the first assignments of error in both the appeal and cross-appeal, we found that the trial court did not err in ordering Koehlinger's affidavit to be stricken. We find, for such reason, that the trial court did not err in overruling appellants' Motion to Vacate, which was based upon such stricken affidavit.
 {¶ 60} Appellants' third assignment of error is, therefore, overruled. Second Assignment of Error on Cross-Appeal
 {¶ 61} Appellee Pioneer Basement Waterproofing, in its second assignment of error on cross-appeal, argues that the trial court erred by granting the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries against appellee Pioneer Basement Waterproofing. We disagree.
 {¶ 62} As is stated above, appellee Pioneer Basement Waterproofing filed a cross-claim against appellees Harry and Leslie Humphries, seeking contribution and/or indemnification from them. The trial court, in its August 14, 2007, Nunc Pro Tunc Judgment Entry, held that under law, a right to contribution and/or indemnification does not exist against a party that is not liable on the underlying cause of action and that, pursuant to the trial court's March 6, 2007, Judgment Entry, appellees Harry and Leslie Humphries were not liable under the underlying cause of action.
 {¶ 63} Appellee Pioneer Basement Waterproofing now argues that, based upon the affidavit of Stanly Koehlinger, there were significant questions of fact regarding the proximate cause of appellants' basement wall collapse and that, therefore, the trial court *Page 17 
erred in granting the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries against appellee Pioneer Basement Waterproofing. Appellee Pioneer Basement Waterproofing, in its brief, argues that Koehlinger's "affidavit goes further to indicate to a reasonable degree of engineering certainty that the services performed by defendant, Pioneer, on the Plaintiff/Appellants basement had no proximate causal relationship to the collapse."
 {¶ 64} Based on our determination that the trial court did not err in striking Koehlinger's affidavit, we find that the trial court did not err in granting the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries. In the absence of such affidavit, there are no genuine issues of material fact as to the liability of the Humphries for the collapse of appellants' wall.
 {¶ 65} Moreover, as noted by the trial court, a right to contribution and/or indemnification does not exist against a party that was not liable on the underlying cause of action. See Adams v. Youngstown, Mahoning App. No. 04 MA 272, 2005-Ohio-6597. As is stated above, the trial court granted the Motion for Summary Judgment filed by appellees Harry and Leslie Humphries on the underlying action. Because said appellees, therefore, are not liable on the underlying cause of action, there is no right to contribution and/or indemnification against them. *Page 18 
 {¶ 66} The second assignment of error on cross-appeal is, therefore, overruled.
 {¶ 67} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
 Edwards, J., Gwin, P.J. and Delaney, J., concur. *Page 19 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed 60% to appellants, Rex and Karen Huffman, and 40% to Pioneer Basement Waterproofing Co., Inc.
[1] Appellee Pioneer Basement Waterproofing, in a letter sent to all counsel dated September 13, 2006, identified Stanley Koehlinger as its expert.
[2] The trial date originally was scheduled for October 5, 2006, but was later continued.
[3] While appellants attached to their briefs letters dated July 26, 2006, and August 25, 2006, from appellee Pioneer Basement Waterproofing to counsel indentifying Stanley Koehlinger as its expert, we note that such letters were not filed in the trial court and cannot be considered by this Court on appeal. Moreover, appellee Pioneer, in its brief on cross-appeal, notes that it identified Koehlinger as its expert in a letter to all counsel dated September 13, 2006.
[4] In contrast, we find that the trial court's order striking Koehlinger's affidavit was a final, appealable order because it was part and parcel of the trial court's decision granting the Motion for Summary judgment filed by the Humphries and denying the Motion to Vacate filed by appellants. *Page 1