[Cite as *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-4792.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| CITIMORTGAGE, INC. | : | Hon.William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-93 |
| JAMES A. ROZNOWSKI, ET AL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2008CV00894


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 27, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant
ERIN M. LAURITO                       PETER D. TRASKA
7550 Paragon Road                     Box 609306
Dayton, OH 45459                      Cleveland, OH  44109

DAVID A. WALLACE                      RYAN HARRELL
KAREN A. CADIEUX                      Chamberlain Law Firm
280 North High Street, Ste. 1300      2765 Lancashire Road
Columbus, OH 43215                    Cleveland Heights, OH 44106

*Gwin, P.J.*

{¶1} Appellants appeal from the February 1, 2012 judgment entry of the Stark County Court of Common Pleas granting summary judgment in favor of appellee and entering a decree of foreclosure.

*Facts & Procedural History*

{¶2} On February 19, 2008, appellee CitiMortgage, Inc. ("CitiMortgage") filed a foreclosure action against appellants James and Steffanie Roznowski. The complaint alleged that CitiMortgage is the owner and holder of the note dated May 6, 2003 and attached as Exhibit A, and that CitiMortgage is the owner and holder of the mortgage dated May 6, 2003 and attached as Exhibit B. The note attached to the complaint designates the Lender as ABN AMRO Mortgage Group, Inc. ("ABN AMRO"), and is endorsed in blank by ABN AMRO. The mortgage secures the note and encumbers the property located at 4625 Hilldale Road N.W., Canton, Ohio. The borrower on the mortgage is listed as ABN AMRO.

{¶3} After mediation was unsuccessful, appellants, on July 28, 2008, filed an answer, counterclaim, and third-party complaint against Quest Title Agency, Inc. and ABN AMRO. Appellee filed an answer to the counterclaim and third party complaint and, on August 22, 2008, filed a motion for summary judgment. Appellee also filed an Assignment of Mortgage, indicating the mortgage was assigned from ABN AMRO to CitiMortgage, Inc. in July of 2008. Appellants filed a Civil Rule 56(F) motion to conduct discovery, which the trial court granted. In a judgment entry on December 12, 2008, the trial court overruled the motion for summary judgment and referred the case to the foreclosure mediation program for a second time.

{¶4}   In 2009, the parties entered into a four month forbearance agreement, which was subsequently extended for an additional three months.   In December of 2010, the case was returned to the active docket and a non-jury trial was scheduled for February 10, 2011.   On January 10, 2011, Quest Title Agency filed a motion for summary judgment.   On the same date, appellee and ABN AMRO filed a motion for summary judgment on the complaint, on appellants' counterclaim and on the third party complaint.   Attached to the motion for summary judgment was the affidavit of Wendy Wilson, an Assistant Vice President for CitiMortgage.   In response, appellants filed a request asking for a pretrial and for a continuance of the trial scheduled for February 10, 2011 to conduct discovery.   Appellants also asked that the summary judgment motions be held in abeyance.   The trial court, pursuant to a judgment entry on January 25, 2011, continued the trial date until February 24, 2011.   In a separate notice filed the same date, the trial court gave appellants until January 31, 2011 to respond to the motions for summary judgment.

{¶5}   On January 31, 2011, appellants filed a Civil Rule 56(F) motion for additional time to conduct discovery.   A telephone conference call was held on February 24, 2011.   On February 25, 2011, the trial court issued a judgment entry continuing the trial to May 3, 2011 and giving appellants until March 25, 2011 to file a response to the pending motions for summary judgment.   On March 22, 2011, appellants filed a second Civil Rule 56(F) motion for additional time to conduct discovery.   Three days later, on March 25, 2011, appellants filed a memorandum in opposition to the pending motions for summary judgment and a cross-motion for summary judgment, as appellants had requested leave from the trial court to file their cross-motion for summary judgment.   In

their response, appellants argued, for the first time during the pendency of the case, that they were never offered a face-to-face meeting after default. Further, that the mortgage assignment was not sufficient to invoke standing because it was executed after the case commenced.

{¶6} On April 6, 2011, in support of their cross-motion for summary judgment, appellants submitted affidavits stating that, to the best of their recollection, they were never offered a face-to-face meeting by appellee within three months of their falling behind in their mortgage payments in September of 2007. In reply, appellee filed the affidavit and supplemental affidavit of Jennifer Oakes, a Business Operations Analyst for CitiMortgage, averring that CitiMortgage does not perform any mortgage loan servicing related functions in an office located within 200 miles of the mortgaged property.

{¶7} On April 19, 2011, appellants filed a notice of voluntary dismissal of the third party complaint against Quest Title Agency, Inc., with prejudice. On April 20, 2011, the trial court denied appellants' motion for additional time within which to conduct discovery and their motion for leave to file a cross-motion for summary judgment. The trial court granted CitiMortgage and ABN AMRO's motions for summary judgment and stated that counsel was to prepare the judgment entry within two weeks from the date of the entry. Appellants appealed the trial court's judgment entry and also filed a motion for reconsideration, which the trial court overruled. In *Citimortgage Inc. v. Roznowski,* 5th Dist. Stark No. 2011CA00124, 2012-Ohio-74, this Court determined that there was no final appealable order because the April 20, 2011 judgment did not set forth the

dollar amount of the balance due on the mortgage and did not reference any documents in the record that did.

{¶8} In response, the trial court entered a judgment on February 1, 2012. The trial court set forth the principal sum due plus the interest. In addition, it awarded "costs of this action, those sums advanced by plaintiff for costs of evidence of title required to bring this action, for payment of taxes, insurance premiums and expenses incurred for property inspections, appraisal, preservation, and maintenance." The court did not enter a dollar amount for any of those damages. Appellants appealed the judgment entry in *Citimortgage, Inc. v. Roznowski*, 5th Dist. Stark No. 2012-CA-0093, 2012-Ohio-4901. In their first assignment of error, appellants argued the trial court erred in entering a final judgment without a complete recitation of the amount of damages claimed and the February 1, 2012 judgment entry was not a final appealable order because it did not set forth a dollar amount for costs of the action for evidence of title, payment of taxes, insurance premiums and expenses incurred for property inspections, appraisal, preservation, and maintenance. This Court dismissed the case for lack of a final appealable order since the valuation for these damages was not included in the judgment entry.

{¶9} CitiMortgage and ABN AMRO appealed to the Ohio Supreme Court. In *Citimortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d. 1140, the Ohio Supreme Court reversed this Court's decision and found that a judgment decree in foreclosure that allows as part of recoverable damages unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance is a final appealable order. Further, that a mortgagor may contest

amounts expended by a mortgagee for inspections, appraisals, property protection, and maintenance during proceedings to confirm the foreclosure sale and may appeal the order of confirmation of sale. Appellants filed a motion for reconsideration which the Ohio Supreme Court subsequently denied. Accordingly, the Ohio Supreme Court remanded the case to this Court to address appellants' remaining assignments of error:

{¶10} "II. THE TRIAL COURT'S ENTRY OF JUDGMENT RESTS ENTIRELY ON HEARSAY.

{¶11} "III. THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE FACE TO FACE MEETING REQUIREMENT OF 24 C.F.R. 203.604(b).

{¶12} "IV. CITIMORTGAGE NEVER ESTABLISHED THAT IT WAS THE HOLDER OF THE NOTE, WITH STANDING TO SUE.

{¶13} "V. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING ADEQUATE TIME FOR DISCOVERY."

*Summary Judgment Standard*

{¶14} Civil Rule 56(C) provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered

unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶15} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶16} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶17}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

II.

**{¶18}** Appellants argue the trial court's judgment entry is based entirely upon hearsay in the affidavit of Wendy Wilson. Specifically, appellants state that appellee's affidavit fails because it does not include records of the account at issue.

**{¶19}** We first note that appellants did not object to Wilson's affidavit or argue that it contain hearsay in their response to appellee's motion for summary judgment. If a party does not object to Rule 56 evidence in the trial court, the issue is waived on appeal. *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202. However, even if we consider appellants' argument, we find Wilson's affidavit is not inadmissible hearsay.

**{¶20}** Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of

what may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *Citimortgage v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620. It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

{¶21} Civil Rule 56(E) provides that an affidavit must "be made on personal knowledge, [and] set forth such facts as would be admissible in evidence." Civil Rule 56(E). A mere assertion of personal knowledge satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *JPMorgan Chase v. Snedeker*, 5th Dist. Licking No. 13-CA-98, 2014-Ohio-1593.

{¶22} In her affidavit, Wilson avers that she is an Assistant Vice President of CitiMortgage and has access to CitiMortgage's business records pertaining to the loan that is the subject of the action which have been maintained in the course of its regularly conducted business activity. Wilson states she makes the affidavit based on her review of CitiMortgage's business records and her personal knowledge of how the records are created and maintained. Further, that she reviewed appellants' loan account and payment history and the loan is due for the September 1, 2007 payment and, as a result of the default, appellee exercised its rights under paragraph 7 of the Note and

paragraph 9 of the Mortgage and accelerated and called due the entire principal balance due on the Note. Wilson states that appellants owe a principal balance of $126,849.04, plus interest, from August 1, 2007 through October 1, 2007 at a rate of 7%, interest from October 1, 2007 through October 1, 2008 at a rate of 7.125%, interest from October 1, 2008 through October 1, 2009 at 6.125%, interest from October 1, 2009 through October 1, 2010 at a rate of 5.125%, with interest at 4.125% from October 1, 2010, plus fees, advances for taxes, insurance, and other costs. Finally, that she reviewed the payment history of the loan and appellants were not charged more than one late fee for a single late or missed payment. Copies of the note, mortgage, and merger certificate were attached to the affidavit and Wilson avers that they are true and accurate copies of the business records that are kept and maintained in its regularly conducted business activity. The amount of principal and interest set forth in Wilson's affidavit are the same figures of principal and interest contained in the trial court's judgment entry granting summary judgment.

{¶23} Unlike in the cases cited by appellants, the relationship between the affiant and the plaintiff was established in the affidavit; the affidavit contained authenticated copies of the note, mortgage, and merger document and provided there was a default on the note and mortgage signed by appellants; the affidavit stated the loan was in default; and the affidavit stated the amount of principal and interest due and owing based on Wilson's review of appellants' loan account records and payment history included in appellee's business records. Appellants did not argue or submit any evidence in their response to appellee's motion for summary judgment regarding Wilson's affidavit, the payment history, the account status, or the balance of the

account.    Appellants thus failed to submit any Civil Rule 56 evidence that would controvert Wilson's averments regarding the status, payment history, or balance of the account.  Accordingly, appellants' second assignment of error is overruled.

III.

**{¶24}**  Appellants argued, for the first time, in their response to appellee's motion for summary judgment and in their own motion for leave to a motion for summary judgment that there is a genuine issue of material fact as to the offer of a face-to-face meeting.  The affidavits of appellants state that they do not recall appellee attempting to schedule a face-to-face meeting within three months of them falling behind on their mortgage payments in 2007.

**{¶25}**  Section 203.602, Title 24, C.F.R. 203 requires a "face-to-face" interview between a mortgagor and mortgagee before three full monthly installments on the mortgage are unpaid in certain loans insured by the U.S. Department of Housing and Urban Development.  However, a face-to-face meeting is not required if: "* * * (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either."  Section 203.602, Title 24, C.F.R. 203.  This Court has found that the face-to-face requirement is a condition precedent to initiating foreclosure proceedings. *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777 (5th Dist.).

**{¶26}** In response to appellants' argument, appellee filed an affidavit and supplemental affidavit of Jennifer Oakes, a Business Operations Analyst at CitiMortgage, who stated she had access to the business records pertaining to the loan at issue and made her affidavit based upon her review of appellee's business records,

income verification information, and her personal knowledge of these records. Oakes details where CitiMortgage's mortgage loan servicing offices are located and avers that CitiMortgage has no mortgage loan servicing office within 200 miles of appellants' mortgaged property. Though appellants state in their brief that there is a CitiFinancial office in Akron, Ohio, appellants submitted no Rule 56 evidence to suggest there is a CitiMortgage loan servicing office or a CitiMortgage loan branch office within 200 miles of the mortgaged property or evidence which would establish the exception would not apply to appellee. Accordingly, appellants' third assignment of error is overruled.

IV.

{¶27} Appellants argue that appellee lacks standing to sue because the mortgage assignment could not be used to give appellee standing as it was not completed prior to the filing of the complaint and because it was assigned from CitiMortgage to CitiMortgage, Inc. We disagree. To have standing to pursue a foreclosure action, a plaintiff "must establish an interest in the note or mortgage at the time it filed suit." *Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d, 2012-Ohio-5017, 979 N.E.2d 1214. The current holder of the note and mortgage is the real party in interest in foreclosure actions. *U.S. Bank Nat'l. Assoc. v. Marcino*, 181 Ohio App.3d 328, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Mtge. Corp v. Smith*, 1st Dist. Hamilton No. CO61069, 2007-Ohio-5874. R.C. 1303.31 provides:

(A) "Person entitled to enforce" an instrument means any of the

following persons:

(1) The holder of the instrument;

(2) A non-holder in possession of the instrument who has the
    rights of a holder;

(3) A person not in possession of the instrument who is entitled
    to enforce the instrument pursuant to Section 1303.38 or
    division (D) of section 1303.58 of the Revised Code.

{¶28} In this case, appellee attached to its complaint copies of the note and mortgage and alleged it was the owner and holder of the note, which was endorsed in blank, and the owner and holder of the mortgage. When an instrument is endorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. R.C. 1303.25(B). In addition, the affidavit of Wilson, attached to appellee's motion for summary judgment, states that appellee is the current holder of the note and mortgage as a result of the merger with ABN AMRO on or about September 1, 2007. Further, Wilson avers that true and accurate copies of the note and mortgage are attached to the affidavit. Accordingly, appellee presented sufficient evidence to demonstrate that it was the current holder of the note and mortgage when the complaint was filed. Appellants did not provide any Civil Rule 56 evidence to create a genuine issue of material fact that appellee was not the owner and holder of the note and mortgage at the time the complaint was filed. In appellants' answer to appellee's complaint, appellants did not dispute that appellee is the holder and owner of the note and mortgage. Accordingly, there was undisputed evidence that appellee was the holder of the note and mortgage at the time the foreclosure complaint and therefore had standing to file the same.

{¶29} Appellants argue appellee lacks standing because the assignment of the mortgage was made after the instant case was filed and the mortgage assignment was invalid due a CitiMortgage employee signing the assignment. We first note that appellee was entitled to enforce the mortgage when the complaint was filed based on the merger of CitiMortgage with ABN AMRO. Wilson's affidavit avers that ABN AMRO was the holder of the note and mortgage until it merged into CitiMortgage on or about September 1, 2007, and that CitiMortgage, the successor in interest to ABN AMRO, is the current holder of both the note and the mortgage as a result of the merger. Moreover, documentation attached to the Wilson affidavit demonstrates that CitiMortgage obtained an interest in the note and mortgage on or about September 1, 2007 when ABN AMRO Mortgage Group, Inc. merged into CitiMortgage, Inc. Appellants failed to submit any Civil Rule 56 evidence to contest the evidence presented of merger. Accordingly, we find that appellee held the note and mortgage by virtue of the merger at the time the foreclosure complaint was filed and had standing to foreclose as when an existing bank takes the place of another bank after a merger, no further action is necessary to become a real party in interest in regards to the mortgage. *JPMorgan Chase v. Akerman*, 5th Dist. Richland No. 13CA 17, 2013-Ohio-5010, citing *Huntington Nat'l Bank v. Hoffer*, 2nd Dist. Greene No. 2010-CA-31, 2011-Ohio-242.

{¶30} Further, even if appellee cannot establish that it was the holder of the mortgage, appellee still has standing in this case because the mortgage follows the note it secures. *Bank of New York Mellon v. Loudermilk*, 5th Dist. Fairfield No. 2012-CA-30, 2013-Ohio-2296; *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742; *CRE Ventures, LLC v. Costanzo*, 5th Dist. Delaware No 11 CAE

01003, 2011-Ohio-3530. "Where a note secured by a mortgage is transferred so as to vest the legal title to the note in the transferee, such transfer operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." *Kuck v. Sommers*, 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75 (3rd Dist. 195).

**{¶31}** Accordingly, there are no genuine issues of material fact as to whether appellee is the real party in interest with standing to pursue this foreclosure action.

V.

**{¶32}** Appellants finally argue that the trial court abused its discretion by not allowing adequate time for discovery. We disagree.

**{¶33}** Civil Rule 56(F) provides the remedy for a party who seeks a continuance on a motion for summary judgment to conduct discovery relevant to the motion. *TPI Asset Management, LLC v. Baxter*, 5th Dist. Knox No. 2011CA000007, 2011-Ohio-5584. The provisions of Civil Rule 56(F) are discretionary, not mandatory. *Vaughn Indust. LLC v. Lake Erie Electric, Inc.*, 5th Dist. Richland No. 2010CA0043, 2011-Ohio-1146. The decision whether to grant a motion for extension of time in order to conduct further discovery lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). A trial court does not abuse its discretion in denying a request for continuance in order to respond to a motion for summary judgment where the party seeking the continuance "did not sustain [its] burden of demonstrating that a continuance was warranted for further discovery." *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio

App.2d 155, 392 N.E.2d 1316 (1978). There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion. *Huffman v. Pioneer Basement Water Proofing Co.*, 5th Dist. Tuscarawas No. 2007 AP 08 0048, 2008-Ohio-7032.

**{¶34}** A review of appellants' Civil Rule 56(F) motion demonstrates that the trial court did not abuse its discretion in denying the motion. This dispute has been pending since 2008. In March or April of 2009, appellants served interrogatories, requests for admissions, and requests for production of documents to which appellee replied in April or May of 2009. Appellants did not request any further discovery until 2011. Further, the trial court did give appellants an opportunity to conduct additional discovery. After the case was returned to the active docket on December 9, 2010, the trial court set a trial and dispositive motion deadline. In January of 2011, appellants filed a motion to continue the trial and hold appellee's motion for summary judgment in abeyance to conduct discovery. The trial court granted appellants' motion, continued the trial date, and extended appellants' response time to appellee's motion for summary judgment. On the date appellants' response was due in February of 2011, they filed a Civil Rule 56(F) motion for added time to conduct discovery. The trial court granted the motion and gave appellants approximately thirty days to conduct discovery. There is no indication on the docket that appellants conducted any discovery until they filed their second Civil Rule 56(F) motion for additional time three days before their response to appellee's motion was due.

**{¶35}** Additionally, appellants failed to explain how the information they sought would create a question of fact on the issue as to whether appellants were in default on

the loan and whether appellants' counterclaim against CitiMortgage and ABN AMRO was time-barred.

**{¶36}** Accordingly, we find the trial court did not abuse its discretion in denying appellants' second Civil Rule 56(F) motion to conduct additional discovery. Appellants' fifth assignment of error is overruled.

**{¶37}** Based on the foregoing, appellants' assignments of error, II – V, are overruled. The February 1, 2012 judgment entry of the Stark County Common Pleas Court is affirmed.

By Gwin,J.,

Hoffman, P.J., and

Wise, J., concur