DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas. The court granted summary judgment in favor of appellee Allstate Insurance Company ("Allstate"), and denied cross-motions for summary judgment made by appellants Kimberly Dolman ("Dolman") and John and Jane Doe ("Does" or "John and Jane Doe"). For the reasons set forth herein, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} On appeal, Dolman and the Does submitted separate briefs.
 {¶ 3} Appellant Dolman sets forth the following two assignments of error:
 {¶ 4} I. "The trial court erred in granting summary judgment to Allstate on grounds that Allstate never raised."
 {¶ 5} II. "The trial court misapplied the law established by the Ohio Supreme Court in Doe v. Shaffer (2000),90 Ohio St. 3d 388."
 {¶ 6} Appellants John and Jane Doe set forth the following three assignments of error:
 {¶ 7} I. "The trial court erred in granting summary judgment to Allstate on a basis it did not raise."
 {¶ 8} II. "Allstate is precluded from raising the joint obligations clause below upon remand by virtue of the `mend the hold' doctrine."
 {¶ 9} III. "The trial court erred in failing to properly apply Doe v. Shaffer (2000), 90 Ohio St. 3d 388 and its progeny."
 {¶ 10} The following undisputed facts are relevant to the issues raised on appeal. On October 8, 2003, John and Jane Doe filed suit against Alan and Kimberly Dolman in the Lucas County Court of Common Pleas. The Does alleged that Alan Dolman intentionally engaged in non-consensual sexual activity with their daughter, June Doe, a minor. They further alleged that Kimberly Dolman was negligent in failing to supervise her husband Alan while plaintiffs' daughter was in their home. Alan Dolman had previously been convicted in Michigan of fondling his niece's breast, and was required to register as a sex offender. The record reflects that Kimberly Dolman had knowledge of her husband's conviction. However, when the Dolmans moved to Ohio, Alan Dolman did not register as a sex offender. The Dolmans held a homeowner's insurance policy through Allstate Insurance Co. when the incident took place.
 {¶ 11} On June 7, 2004, Allstate filed a declaratory judgment action seeking a declaration that the claims brought by the Does against the Dolmans were expressly excluded from the Dolmans' policy. Allstate also sought a determination that it was not required to defend the claims asserted by the Does against the Dolmans.
 {¶ 12} On March 21, 2005, Allstate filed a motion for summary judgment, raising two grounds for relief under the policy. First, Allstate contended that the alleged negligence of Kimberly Dolman was not an "occurrence" under the policy. Second, Allstate contended that all claims made by the Does were expressly excluded from coverage under the policy's "Criminal or Intentional Act Exclusion."
 {¶ 13} Shortly thereafter, appellants, including Kimberly Dolman and the Does, filed cross-motions for summary judgment. On August 8, 2005, the trial court granted Allstate's motion for summary judgment, and denied appellants' cross-motions for summary judgment. This timely appeal followed.
 {¶ 14} Given the substantial similarity between some of the assignments of error, we will consolidate certain assignments for purposes of this appeal. First, we will review Assignment of Error No. I from each brief together. Then we will examine Assignment of Error No. II from Mrs. Dolman's brief together with Assignment of Error No. III from the Does' brief. Finally, we will review Assignment of Error No. II from the Does' brief.
 {¶ 15} In their first assignment of error, both the Does and Dolman assert that the trial court erred when it granted summary judgment to Allstate on grounds that Allstate never raised. Specifically, they argue that the court incorrectly relied on a Joint Obligations Clause in the policy in granting summary judgment for Allstate. Allstate concedes that the Joint Obligations issue was not raised or argued in the summary judgment motion, but argues that the issue was "in the case" because a copy of the entire policy including the Joint Obligations Clause was attached to the motion.
 {¶ 16} This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. The evidence must show that reasonable minds can come to but one conclusion — a conclusion adverse to the party opposing summary judgment.Turner v. Turner (1993), 67 Ohio St.3d 337.
 {¶ 17} The Ohio Supreme Court has held that a party must "specifically delineate" the grounds upon which summary judgment is sought in order to accord the "opposing party a meaningful chance to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, at the syllabus. This gives the party opposing summary judgment a chance to respond specifically to the issues raised in the motion.
 {¶ 18} Allstate supported its motion for summary judgment with two arguments. First, Allstate contended that the alleged negligence of Kimberly Dolman was not an "occurrence" under the insurance policy. Second, Allstate argued that her alleged negligence was expressly excluded by the "Criminal or Intentional Act Exclusion" of the policy.
 {¶ 19} Here, the trial court, in granting summary judgment for Allstate, relied partly on the Joint Obligations Clause of the policy, which states in pertinent part:
 {¶ 20} "The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person."
 {¶ 21} The trial court explicitly said that it relied on the Joint Obligations Clause as well as the Intentional or Criminal Acts Exclusion in coming to its decision. Furthermore, the trial court described the Intentional or Criminal Acts Exclusion as a basis that "bolstered" its interpretation of the Joint Obligations Clause. Allstate included no argument regarding the Joint Obligations Clause in its motion for summary judgment. It was not specifically raised in the motion, and, thus, appellants had no reasonable opportunity to rebut the contention. InScholler v. Scholler (1984), 10 Ohio St.3d 98, the Ohio Supreme Court reversed the part of a decision that was based on an argument not raised in the movant's motion for summary judgment. In Scholler, the defendant raised a statute of limitations defense generally in his answer, but did not include it as a basis for summary judgment. Similarly, the trial court here, in granting Allstate's motion for summary judgment, relied on an argument not raised by Allstate in its motion.
 {¶ 22} Based on the foregoing, we find that the trial court committed reversible error in relying on the Joint Obligations Clause when it granted Allstate's motion for summary judgment. Appellant Dolman's Assignment of Error No. I and appellant Does' Assignment of Error No. I, together, are well-taken.
 {¶ 23} In the Dolmans second assignment of error and the Does' third assignment of error, they assert that the trial court misapplied the law set forth by the Ohio Supreme Court in Doe v.Shaffer (2000), 90 Ohio St.3d 388. Specifically, appellants contend that the Dolmans' policy provided Kimberly with a defense and indemnification for her alleged negligence, pursuant toShaffer.
 {¶ 24} The trial court herein recognized the validity ofShaffer, but also found that it has no bearing on this case.Shaffer found that a non-molester may be insured for acts of negligence that facilitate sexual molestation by another insured under the same policy, not that they must be insured. The trial court based its decision on the specific language of the Dolmans' policy in finding that the insurance contract precluded coverage for Kimberly Dolman based in part on the Intentional and Criminal Acts exclusion. The court explained that Shaffer stands for the proposition that insuring against the negligence of a non-molester is not against public policy. The Ohio Supreme Court in Shaffer did not interpret the insured's policy language. It dealt only with the issue of whether public policy precludes coverage for a negligent, non-molesting party.
 {¶ 25} The trial court properly found that, while public policy does not preclude Kimberly Dolman from being covered under the insurance policy, the specific language in Dolman's contract precluded her from coverage. Based on the foregoing, appellant Dolman's second assignment of error and appellant Does' third assignment of error, together, are not well-taken.
 {¶ 26} In their second assignment of error, the Does argue that if this case is remanded, Allstate is precluded from raising the Joint Obligations Clause issue in accordance with the "mend the hold" doctrine. However, this court can not predict what position Allstate may choose to pursue upon remand or how the lower court may rule on future motions by either party. Therefore, the Does' second assignment of error is found not well-taken.
 {¶ 27} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J., concur.