[Cite as *Sullivan-White v. Aukland*, 2023-Ohio-141.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Donna Kelly Sullivan-White      Court of Appeals No. L-21-1213

     Appellant/Cross-appellee      Trial Court No.  CI0201901403

v.

Amanda S. Aukland, et al.

     Appellees

State Farm Mutual Automobile
Insurance Company Subrogation
Services      **DECISION AND JUDGMENT**

     Appellee/Cross-appellant      Decided:  January 18, 2023

* * * * *

Patrick D. Hendershott, for appellant/cross-appellee.

Richard C.O. Rezie and Maia E. Jerin, for appellees,
Thomas C. Aukland and Amanda S. Aukland.

Mark P. Seitzinger, for appellee/cross-appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal filed by appellant/cross-appellee, Donna Kelly Sullivan-

White, from the October 12, 2021 judgment of the Lucas County Court of Common

Pleas, and the cross-appeal of appellee/cross-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), from the May 6, 2020 and July 1, 2021 judgments of the Lucas County Court of Common Pleas. For the reasons that follow, we affirm the judgments.

{¶ 2} Appellant sets forth three assignments of error:

1. The Trial Court Erred by Overturning its previous ruling of November 2, 2020 that Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment was denied.

2. The Trial Court Erred by requiring that Appellant be responsible for State Farm Mutual Automobile Insurance Company's service on Amanda S. Aukland and Thomas Aukland when it was a party to the lawsuit with its own attorney representing it.

3. The Trial Court Erred by looking at insurance policy provisions not raised during the original filing of State Farm's Motion for Summary Judgment.

{¶ 3} State Farm sets forth two assignments of error:

1. The Trial Court Erred by Denying State Farm's Motion for Relief from Judgment Because State Farm Filed the Motion within a Reasonable Time.

2.

2. The Trial Court Erred by Granting the Aukland Defendants' Motion to Dismiss Because Dismissal of State Farm's Cross-Claim For Failure of Service Would Be "Otherwise Than On the Merits."

**Background**

{¶ 4} On February 10, 2017, while appellant was driving, she claims she was struck by a vehicle driven by Amanda Aukland, and owned by Thomas Aukland. As a result, appellant allegedly sustained injuries and damages.

{¶ 5} On February 8, 2019, appellant filed a complaint against the Auklands, State Farm and others. Appellant alleged, inter alia, Mrs. Aukland was negligent in causing the vehicular accident, Mr. Aukland negligently entrusted his wife with his vehicle, and the Auklands were inadequately insured to sufficiently compensate her, so she sought to recover uninsured/underinsured motorist ("UM/UIM") benefits from her automobile insurance policy with State Farm. Appellant attempted to serve the complaint on the Auklands, but service failed. Appellant successfully served the complaint on State Farm.

{¶ 6} On February 25, 2019, State Farm filed an answer to the complaint as well as a cross-claim against the Auklands. In the cross-claim, State Farm asserted it is subrogated to appellant's right to recover from the Auklands, and is entitled to indemnification and/or contribution from the Auklands for any amounts paid to appellant, including UM/UIM benefits. State Farm attempted to serve the cross-claim on the Auklands, but service failed.

3.

**Motion to Dismiss/Service/Motion for Relief**

{¶ 7} On March 16, 2020, the Auklands appeared solely to file a motion to dismiss pursuant to Civ.R. 12(B)(2), (4), (5) and (6), claiming they were entitled to have the complaint and cross-claim against them dismissed with prejudice. They argued the case against them had never been commenced due to insufficient service and service of process, thus the trial court did not have jurisdiction. They also asserted since the statute of limitations had expired, appellant and State Farm were barred from reasserting their claims.

{¶ 8} On March 17, 2020, appellant filed praecipes directing the clerk to serve the complaint on the Auklands. Subsequently, service failed.

{¶ 9} On March 26, 2020, State Farm opposed the motion, arguing if the motion to dismiss is granted, it should be without prejudice, as appellant and State Farm could re-file their claims within one year using the savings statute.

{¶ 10} On April 1, 2020, appellant filed a motion for extension of time to respond to the motion to dismiss. On April 13, 2020, the Auklands filed a brief in opposition, and attached their affidavits, averring, inter alia, Mrs. Aukland was out of the state for 32 days between February 10, 2017 and February 10, 2019, and Mr. Aukland was out of the state for 68 days between February 10, 2017 and February 10, 2019.

{¶ 11} On April 30, 2020, the trial court's decision granting the motion to dismiss appeared on the online docket, and on May 6, 2020, the court issued its opinion and

journal entry granting the motion to dismiss. The court found appellant and State Farm failed to serve the Auklands within the one year allowed by Civ.R. 3(A), and did not commence their actions against the Auklands prior to the expiration of the statute of limitations. The court further found R.C. 2305.19, the savings statute, did not apply because the dismissal is a judgment on the merits. The trial court dismissed the complaint and the cross-claim with prejudice.

{¶ 12} On May 4, 2020, State Farm filed praecipes directing the clerk to serve the cross-claim on the Auklands. Service of the cross-claim was made on Mrs. Aukland on May 11, 2020, and on Mr. Aukland on May 12, 2020.

{¶ 13} On March 24, 2021, State Farm again filed praecipes directing the clerk to serve the cross-claim on the Auklands. Service of the cross-claim was made on both of the Auklands on March 31, 2021.

{¶ 14} On April 28, 2021, State Farm filed a motion for relief from the May 6, 2020 judgment which granted the motion to dismiss State Farm's cross-claim against the Auklands. The trial court denied State Farm's motion on July 1, 2021.

### Motion for Summary Judgment and Opinion

{¶ 15} On June 26, 2020, State Farm filed a motion for summary judgment against appellant as to her claim to collect UM/UIM benefits. State Farm argued the policy language excludes UM/UIM coverage where the insured is not "legally entitled to recover" against the tortfeasors, and since the Auklands were dismissed with prejudice,

5.

appellant is no longer legally entitled to recover against the alleged uninsured tortfeasors. Therefore, appellant is barred from collecting UM/UIM benefits.

{¶ 16} On July 29, 2020, appellant filed a memorandum in opposition, where she asserted State Farm does not dispute that she timely obtained service against it. She noted that her claims and State Farm's claims against the Auklands were dismissed pursuant to Civ.R. 3(A), but the *Snyder* case, cited by State Farm, does not apply. The *Snyder* court held "policy language restricting [UM] coverage to those amounts the insured is 'legally entitled to recover' from the tortfeasor * * * unambiguously denies coverage for injuries caused by uninsured motorists who are immune from liability under R.C. Chapter 2744 or R.C. 4123.741." *State v. Snyder*, 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, ¶ 2. Appellant asserted the Auklands have not shown they are entitled to immunity.

{¶ 17} Appellant further argued the statute of limitations may not be used within the definition of "legally entitled to recover." She maintained since the policy does not include the word "damages" after the phrase "legally entitled to recover," the policy does not require that she actually be able to recover damages from the Auklands.

{¶ 18} On November 2, 2020, the trial court issued an opinion denying State Farm's motion for summary judgment, finding *Taylor v. Kemper Ins. Co.*, 8th Dist. Cuyahoga No. 81360, 2003-Ohio-177, controlled. The court found, under the *Taylor* analysis, State Farm was not prohibited from pursuing its subrogation rights against the

6.

Auklands due to appellant's failure to perfect service of the complaint, but rather by its own failure to perfect service of its cross-claim.

{¶ 19} The trial court also cited to *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, ¶ 91, and the two-step test to determine if the insured breached a subrogation-related provision, and if so, was the UM/UIM insurer prejudiced. The court applied the *Ferrando* analysis and found appellant filed suit within the limitations period, but she breached the policy by failing to perfect service against the Auklands and allowing the limitations period to expire. The court noted prejudice was presumed, but the presumption was rebutted. The court found appellant's failure to perfect service did not prejudice State Farm because State Farm was able to file its cross-claim within the tolled limitations period, and State Farm only had to perfect service within a year to pursue its claim, but it failed to do so.

{¶ 20} The trial court concluded because appellant filed suit against the Auklands within the limitations period thereby allowing State Farm to file its cross-claim within the tolled limitations period, her failure to perfect service does not preclude her recovery under her State Farm UM/UIM policy. The court held while appellant is no longer "legally entitled to recover" from the Auklands, as required by the policy, she was "legally entitled to recover" from the Auklands when she filed suit and when State Farm filed its cross-claim, and State Farm's failure to perfect service was its doing, not her doing.

7.

**Motion for Clarification and Order**

{¶ 21} On November 9, 2020, State Farm filed a motion for clarification, requesting that the court explain whether State Farm is entitled to set off the $25,000 of coverage which would have been available to appellant through the Auklands' insurance policy with Geico, or must State Farm consider this an uninsured motorist claim.

{¶ 22} On May 13, 2021, the trial court determined "[in] consideration [of the motion for clarification] and on its own Motion * * * the Court will Reconsider its November 2nd Judgment Entry." The court allowed the parties the opportunity to submit additional arguments, authority and evidence as to the issues of appellant's claim for UM/UIM benefits and State Farm's affirmative defenses of set-off and appellant's failure to meet the contractual requirements for UM/UIM coverage. The court noted the relief sought by State Farm was declaratory in nature although State Farm did not file a claim for declaratory judgment, and "it appears (at least to this Court) that the Policy clauses underlying the parties' arguments to date are not sufficiently dispositive with respect to the issues brought before the Court." The court observed State Farm's arguments "implicitly highlight the potential inconsistencies arising when policy clauses are selectively analyzed, or narrowly considered in piecemeal fashion * * * [so] further briefing by the parties is necessary to allow the Court to reconcile their rights, obligations, and contractual intent." The court set forth its "prior determination was based upon the rather abbreviated Policy clauses to which both parties directed its

8.

attention, although a review of the Policy in its entirety suggests additional, unreferenced portions are applicable and properly considered for a just result."

**Judgment after Reconsideration**

{¶ 23} On October 12, 2021, the trial court reconsidered State Farm's summary judgment motion, and granted the motion. The court noted State Farm argued appellant's right to UM/UIM benefits was conditioned on her being "legally entitled to recover" from the Auklands, the tortfeasors, but since her claims against the Auklands were dismissed with prejudice, she was no longer able to recover, as required by the policy language. The court found she breached her obligations under the policy and prejudiced State Farm's subrogation rights, thus she was not entitled to UM/UIM benefits.

{¶ 24} The court also found the dismissal of appellant's claims against the Auklands, with prejudice, clearly prevented her from obtaining judgment against them, thus she was not "legally entitled to recover" from the Auklands or able to exhaust the Auklands' liability coverage, both of which were conditions to State Farm's obligation to pay UM/UIM benefits.

{¶ 25} The court recognized appellant argued that: the policy did not expressly define the phrase "legally entitled to recover"; the phrase was ambiguous and must be construed in her favor; the phrase was no longer used in the UM/UIM statutory framework, and R.C. 3937.18(D) states "an insured shall be required to prove all elements of the insured's claim that are necessary to recover from the owner or operator

of the uninsured or underinsured motor vehicle"; and the statute does not require her to file a lawsuit against the Auklands, and State Farm has no authority to require her to do so.

{¶ 26} Nonetheless, the court found appellant's argument that State Farm could not contractually obligate her to file suit against the Auklands lacked merit, as the relevant State Farm provisions required that she file a complaint. In so finding, the court agreed with the reasoning in *Pursley v. Estate of Messman*, 2020-Ohio-2985, 154 N.E.3d 602, ¶ 110-111 (3d.Dist.). The court further noted that appellant argued the policy did specify that she was required to obtain service of the complaint, but the court found this argument ignored the policy's express requirement that she "secure a judgment" in such action. The court found the "legally entitled to recover" language in the policy lacked any ambiguity.

{¶ 27} The court also found the subrogation provision in the policy expressly required that appellant do nothing to impair State Farm's legal right to subrogation, and to hold all rights of recovery against all liable parties in trust for State Farm's benefit.

The court noted the parties agreed the analysis in *Ferrando* was applicable to State Farm's arguments that appellant breached the contract and State Farm was prejudiced.

{¶ 28} The court applied the *Ferrando* analysis and found appellant failed to comply with the policy language and breached at least one subrogation-related policy provision since the law provides State Farm can only be subrogated to the extent of

appellant's claims against the Auklands, which no longer existed because they were dismissed with prejudice. The court found State Farm was presumptively prejudiced, as absent appellant's claims against the Auklands, State Farm was left without any subrogation rights for amounts it would pay appellant under the UM/UIM provisions. The court further found appellant adduced no evidence rebutting the presumed prejudice to State Farm, and State Farm was entitled to judgment.

{¶ 29} Appellant appealed, State Farm filed its cross-appeal.

{¶ 30} In appellant's brief, she advances three assignments of error, but fails to set forth separate arguments for each assignment. App.R. 16(A)(7) requires a separate argument for each assignment of error, and App.R. 12(A)(2) provides that we may disregard assignments of error not separately argued in the brief. However, in the interests of justice, we choose to consider appellant's arguments and decide them on the merits. As her assignments of error are not supported individually with arguments and authority, we are left to parse her brief for arguments pertaining to each assignment of error. We will begin our examination with the third assignment of error.

### Appellant's Third Assignment of Error

{¶ 31} Appellant argues the trial court, in reconsidering its November 2, 2020 ruling, failed to restrain itself to the insurance policy provisions argued by State Farm in its original summary judgment motion. She asserts the court's action is in contravention of *Allstate Ins. Co. v. Dolman*, 6th Dist. Lucas No. L-05-1281, 2006-Ohio-4134, where

11.

we held the trial court committed reversal error by granting summary judgment to the insurer based on an insurance clause which was not raised or argued by the insurer, despite the policy being attached to the insurer's motion.

{¶ 32} State Farm counters the rationale underlying *Dolman* is not applicable as appellant had the opportunity to respond to the reconsideration of the summary judgment motion, and she filed a memorandum. State Farm contends the trial court did not err in considering other relevant policy provisions.

**Law**

{¶ 33} It is well-established that an order denying a summary judgment motion is subject to revision upon a motion for reconsideration, a renewed motion for summary judgment or the court's own power to reconsider any judgment which is interlocutory and not final. *See Watson v. Ford Motor Co.*, 6th Dist. Erie No. E-06-074, 2007-Ohio-6374, ¶ 44; *Van Buren v. Paterson*, 6th Dist. Lucas No. L-92-127, 1993 WL 18805, *1 (Jan. 29, 1993). If the reconsideration is based on new evidence or issues, the trial court must give the parties notice and an opportunity to respond. *See Vanmeter v. Lawrence County*, 4th Dist. Lawrence No. 93CA27, 1994 WL 323703, * 6 (July 8, 1994).

{¶ 34} An appellate court will not reverse a trial court's decision to reconsider the denial of a summary judgment motion unless the trial court abused its discretion and acted in a manner that was unreasonable, arbitrary, or unconscionable. *Watson*, at ¶ 44; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

12.

**Analysis**

**{¶ 35}** Upon review, the record shows the trial court gave appellant and State Farm notice that it was reconsidering its decision, and the opportunity to submit additional arguments, authority and evidence as to appellant's claim for UM/UIM benefits and State Farm's affirmative defenses of set-off and appellant's failure to meet the contractual requirements for UM/UIM coverage.

**{¶ 36}** We find since the parties had suitable notice and a full opportunity to support and oppose the summary judgment motion following the trial court's decision to reconsider its ruling, the court did not abuse its discretion. Accordingly, appellant's third assignment of error is not well-taken.

**{¶ 37}** Next, we will examine appellant's first and second assignments of error together, as they are related.

**Appellant's First Assignment of Error**

**{¶ 38}** Appellant argues the trial court erred in granting State Farm's summary judgment motion, as she did not in any way impair State Farm from obtaining service of its cross-claim, and nothing has changed since the November 2, 2020 ruling denying State Farm summary judgment. She notes the trial court, in its May 13, 2021 order, "acknowledged that State Farm's Cross-Claims [sic] failed as the result of State Farm's own failure."

13.

{¶ 39} Appellant asserts the cases cited by the trial court deal with when the statute of limitations has been missed, but she timely filed her complaint and State Farm timely filed its cross-claim. She also argues the *Snyder* case, cited by State Farm, does not apply because the Auklands have not shown they are entitled to immunity.

{¶ 40} Appellant further submits the phrase "legally entitled to recover" was defined in *Sumwalt v. Allstate Ins. Co.*, 12 Ohio St.3d 294, 466 N.E.2d 544 (1984), syllabus, and means "the insured must be able to prove the elements of her claim necessary to recover damages." She argues in a negligence action, the injured party's claims are determined by common law: duty; breach; proximate cause; and damages; the statute of limitations is not an element of negligence, it is a defense. She cites to *Welsh v. Indiana Ins. Co.*, 5th Dist. Stark No. 2002CA00378, 2003-Ohio-5054, ¶ 30, for the assertion that "'[t]he statute of limitations is a statutory creation designed to limit the exercise of the right to pursue recovery for the damages resulting from the tortfeasor's negligence.'" (Citation omitted.). She also contends, relying on *Welsh*, that the failure to preserve the statute of limitations in a negligence case does not preclude a claim against the insurance company, as that failure falls under the issue of subrogation. *Id.* at ¶ 31. Appellant submits she "has sufficiently pleaded all of those elements [of a negligence claim] and * * * State Farm does not dispute that she met those."

14.

## Appellant's Second Assignment of Error

{¶ 41} Appellant argues the trial court erred by requiring that she be responsible for State Farm's service of its cross-claim on the Auklands when State Farm was a party with its own attorney. She asserts the policy contains no language which suggests that she must obtain service of State Farm's cross-claim for State Farm. She contends she had no greater duty to secure service on the Auklands than State Farm, and State Farm cannot skirt its obligation to pay her under the UM insurance contract. She further submits that she agrees that State Farm timely obtained service of its cross-claim on the Auklands, due to the tolling of the statute of limitations under H.B. 197.

## Standard of Review

{¶ 42} We consider whether a trial court properly granted a motion for summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact," show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* "No evidence or stipulation may be considered except as stated in this rule." *Id.*

15.

**{¶ 43}** The moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact exists. *Id.* at 293.

**State Farm's Motion for Summary Judgment**

**Arguments Presented by the Parties in the Trial Court**

**{¶ 44}** In its June 26, 2020 summary judgment motion against appellant, State Farm argued it was entitled to judgment based on the policy language, as the policy excludes UM/UIM coverage where the insured is not "legally entitled to recover" against the Auklands, and since the Auklands were dismissed with prejudice, appellant is no longer legally entitled to recover from them.

**{¶ 45}** State Farm also argued it was entitled to judgment based on Ohio law. State Farm noted R.C. 3937.18, as amended in 2001 by S.B. 97, defines UM/UIM coverage under Ohio law. State Farm observed prior to 2001, "legally entitled to recover" was used, but after 2001, that language was removed, and now R.C. 3937.18(D) provides, with respect to UM/UIM coverage, that "an insured shall be required to prove all elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle." State Farm argued since appellant can no longer pursue her action against the Auklands, because her claim was dismissed with prejudice, she is no longer legally entitled to recovery against them.

16.

{¶ 46} In its June 7, 2021 memorandum, State Farm argued appellant breached her obligations under the policy by failing to timely commence her action against the Auklands, as she failed to properly serve them within the applicable time limits. State Farm cited to *Ferrando*. State Farm also argued that under the subrogation provision in the policy, it can only step into appellant's shoes if she has the legal right to recover. State Farm asserts that an insured must do nothing to impair its rights of recovery and must hold all rights of recovery against all liable parties, but appellant failed to do so. State Farm further argued appellant cannot bring a legal action against it for UM coverage unless there has been full compliance with the policy's "Deciding Fault and Amount Provisions," and she failed to comply by not properly serving the Auklands.

{¶ 47} In her June 8, 2021 memorandum, appellant maintained she filed her lawsuit within the statute of limitations. She argued State Farm filed its cross-claim against the Auklands before the statute of limitations ran on each of them, because they were out of the jurisdiction for a time. She submitted that the statute of limitations to file the complaint was extended to March 14, 2019, for Mrs. Aukland and April 19, 2019, for Mr. Aukland, therefore the statute of limitations had not run on State Farm when it filed its cross-claim on February 25, 2019.

{¶ 48} Appellant also asserted State Farm has not been prejudiced, as it has been completely reimbursed, by the Auklands' carrier, for the medical payments it made on her behalf before the lawsuit was filed. She argued "that amount would reduce the

17.

$25,000 set off." She submitted State Farm had every opportunity to serve the Auklands, "[t]hereby the Auklands['] * * * insurance is not available so there should be no $25,000 set off" to State Farm.

{¶ 49} Appellant argued the *Snyder* case, cited by State Farm, does not apply. She further argued the statute of limitations may not be used within the definition of "legally entitled to recover." She maintained since the policy does not include the word "damages" after the phrase "legally entitled to recover," the policy does not require that she actually be able to recover damages from the Auklands.

## Analysis

{¶ 50} In her first and second assignments of error, appellant essentially argues the trial court erred in granting State Farm's motion for summary judgment, thereby barring her from obtaining any UM benefits under her State Farm policy.

{¶ 51} The State Farm policy contains the following relevant language:

UNINSURED MOTOR VEHICLE COVERAGE

* * *

Insuring Agreement

1. We will pay compensatory damages for bodily injury an insured is legally entitled to recover from an uninsured motorist. * * *

2. We will pay only if:

a. the limits of all bodily injury liability bonds, policies, and self-insurance plans that apply have been used up by the payment of judgments; or

b. the insurer of the uninsured motorist, if any, commits to pay any amount in settlement * * * .

* * *

Deciding Fault and Amount

1. a. The insured and we must agree to the answers to the following two questions:

(1) Is the insured legally entitled to recover compensatory damages from the uninsured motorist?

(2) If the insured and we agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the uninsured motorist?

b. If there is no agreement on the answer to either question in 1.a. above, then the insured shall:

(1) file a lawsuit in the proper court against

(a) us; and

(b) the uninsured motorist unless we have consented to a settlement offer proposed by or on behalf of the uninsured motorist;

(2) upon the filing of the lawsuit, immediately give us copies of the summons and complaints filed by the insured in that action;

(3) consent to a jury trial if requested by us;

(4) agree that we may contest the issues of liability and the amount of damages; and

(5) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

{¶ 52} The law is clear that "insurance policies should be enforced in accordance with their terms as are other written contracts." *Rhoades v. Equitable Life Assur. Soc. of U.S.*, 54 Ohio St.2d 45, 47, 374 N.E.2d 643 (1978). Thus, "[w]hen the language in an insurance policy is clear and unambiguous, we must enforce the contract as written and give the words their plain and ordinary meaning." *Cincinnati Indemn. Co. v. Martin*, 85 Ohio St.3d 604, 607, 710 N.E.2d 677 (1999). However, "where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), syllabus.

{¶ 53} In *Ferrando*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, at ¶ 91, the Supreme Court held "[i]n cases involving the alleged breach of a * * * subrogation-related clause, the first step is to determine whether the provision actually was breached. * * * If the * * * clause was breached, the second step is to determine whether the UIM

20.

insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut."

{¶ 54} With respect to Insuring Agreement provision, the record shows there are no judgments against the Auklands, so the limits of all bodily injury liability policies have not been used up by the payment of judgments, and appellant did not enter into a settlement with the Auklands' insurer. We are left to decide if appellant is legally entitled to recover from the Auklands.

{¶ 55} The record reveals appellant filed her complaint against the Auklands within the two-year statute of limitations allowed for a bodily injury action based on negligence. R.C. 2305.10(A); *Love v. City of Port Clinton*, 37 Ohio St.3d 98, 524 N.E.2d 166 (1988). However, appellant did not perfect service of the complaint within a year, as required by Civ.R. 3(A), which provides "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Appellant again attempted to have her complaint served on the Auklands, but service was not successful. Thereafter, despite extensions of the statute of limitations, due to the Auklands being out of the jurisdiction for a time,[1] and the

_____

[1] See R.C. 2305.15.

enactment of Ohio's Covid-19 Tolling Order,[2] appellant did not attempt to serve the Auklands.

{¶ 56} On May 6, 2020, the trial court dismissed appellant's claims against the Auklands, with prejudice. The court found appellant never commenced an action against the Auklands prior to the expiration of the statute of limitations. Appellant has not challenged this dismissal.

{¶ 57} Ohio law, with respect to UM/UIM coverage, provides "an insured shall be required to prove all elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle." R.C. 3937.18(D). While the language "legally entitled to recover" is not used in the statute, the phrase "'means the insured must be able to prove the elements of his or her claim' against the tortfeasor." (Citation omitted.). *Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St.3d 474, 483-84, 747 N.E.2d 206 (2001).

{¶ 58} With statutory construction, the "paramount concern is the legislative intent in enacting the statute." *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. To determine intent, we look at the language of the

---

[2] See Am.Sub.H.B. No. 197 and *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974, which tolled, retroactive to March 9, 2020, all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code until July 30, 2020.

statute and the purpose to be accomplished by the statute. *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20. We look at the statute "as a whole and giv[e] such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917).

{¶ 59} Upon review, in R.C. 3937.18(D), the phrase "an insured shall prove all elements of the insured's claim" is immediately followed by "that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle." When the statute is read in its entirety, giving effect to all of the words and phrases, it is evident that appellant's entitlement to UM coverage under her State Farm policy is dependent upon her proving the Auklands were negligent, that they are tortfeasors.

{¶ 60} We find appellant has not proven the elements of her negligence claims against the Auklands, as she has not proven they had a duty to her, or they breached a duty, or they were the proximate cause of her damages; she has not proven the Auklands are tortfeasors. We find no merit in appellant's contention that sufficiently pleading the elements of a negligence claim is proving the elements of her claims.

{¶ 61} We find since appellant is not able to prove the elements of her claims that are necessary to recover damages from the Auklands, due to her failure to commence her

23.

lawsuit against them within the time provided by the statute of limitations, she is not legally entitled to recover from the Auklands.

{¶ 62} As to the Deciding Fault and Amount provision in the State Farm policy, the record shows section 1.a. does not apply, as the parties do not agree on the answers to questions (1) and (2). Thus, section b. applies, where appellant must fulfill all of the requirements set forth in (1) through (5). The record reveals appellant has not complied with all of those requirements, as she has not secured and cannot secure a judgment in the lawsuit that she filed against State Farm and the Auklands.

{¶ 63} Applying the *Ferrando* analysis, we find appellant breached the State Farm policy by failing to secure a judgment in the lawsuit she filed against State Farm and the Auklands. It is presumed that State Farm was prejudiced by this breach. No competent summary judgment evidence to rebut the presumption was presented by appellant, thus we find appellant did not rebut the presumption of prejudice. Thus, we find appellant cannot bring a legal action against State Farm for UM benefits, and we further find State Farm is not liable to appellant for UM benefits under her State Farm policy.

{¶ 64} For these reasons, we find State Farm was entitled to judgment based on the policy language and Ohio law, and the grant of summary judgment to State Farm by the trial court was appropriate. Accordingly, appellant's first and second assignments of error are not well-taken.

24.

**{¶ 65}** Our disposition of appellant's assignments of error renders State Farm's assignments of error moot, as a right to contribution and/or indemnity does not exist against a person who is not liable on the underlying cause of action. *See* R.C. 2307.25; *Huffman v. Pioneer Basement Water Proofing Co.*, 5th Dist. Tuscarawas No. 2007 AP 08 0048, 2008-Ohio-7032, ¶ 65. Since we have found appellant has not proven and cannot prove the Auklands are tortfearsors, they are not legally liable on the underlying negligence claims, and State Farm's cross-claim against them cannot exist. As such, the trial court's dismissal of State Farm's cross-claim, albeit on a different basis, was proper. Accordingly, State Farm's first and second assignments of error are not well-taken.

**{¶ 66}** On consideration whereof, we affirm the May 6, 2020, July 1, 2021 and October 12, 2021 judgments of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, appellant and State Farm are ordered to split the costs of this appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.